**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ISAAC WILSON LLOYD,**

    **Plaintiff,**

**vs.**                                            **Case No. 4:16cv781-MW/CAS**

**MAJOR JEFFERY A. BELL,**

    **Defendant .**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by filing a civil rights complaint on December 16, 2016.  An Order was entered requiring Plaintiff to either pay the filing fee or file an in forma pauperis motion.  ECF No. 3.  Plaintiff filed an in forma pauperis motion, ECF No. 4, which demonstrated that he lacked funds with which to pay the filing fee as he was just recently released from the Department of Corrections on December 11, 2016.  It also was clear that Plaintiff was not incarcerated at the time this civil rights case was filed.  His motion for in forma pauperis status, ECF No. 4, was granted and an Order was entered requiring Plaintiff to submit an amended complaint.  ECF No. 5.  Plaintiff has now complied.

Plaintiff's claim concerns the issuance of a disciplinary report in April 2016 which Plaintiff contends was false. ECF No. 6 at 2. He also alleges that his rights were violated in the processing of the report because his witnesses were never called. *Id.* Plaintiff further claims that after he was found guilty, he tried to follow the grievance process steps, but never got a reply back to his formal grievance submitted to the warden. *Id.* Plaintiff raises Eighth and Fourteenth Amendment claims and seeks monetary damages for losing 10 days of freedom and having to spend 31 days in confinement. *Id.* at 3.

Attached to the amended complaint is a copy of the charging disciplinary report. ECF No. 6 at 4. Plaintiff's disciplinary hearing was held on April 26, 2016, and it notes that Plaintiff pled not guilty, and the team accepting his plea; however, the team found Plaintiff "guilty based on the specific statement of facts" provide in section 1 of the disciplinary report. *Id.* at 6. The punishment imposed was 60 days in disciplinary confinement, but there is no indicating on the report that Plaintiff lost gain time as a result of the disciplinary report.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives "any person of life, liberty, or property, without

due process of law." U.S. CONST. amend. XIV.  While prisoners may "claim the protections of the Due Process Clause," Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974),[1] due process does not exist in a vacuum.  Due process exists to protect a liberty interest.  Thus, to proceed with his procedural due process claims, Plaintiff must demonstrate that his injury "is within the scope of the Due Process Clause." Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999) (holding that an inmate who has not been convicted of a sex crime "is entitled to due process before the state declares him to be a sex offender") (citing Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).  Put another way, because Plaintiff was not deprived of his life or property, he is entitled to due process only if he can show that he "was deprived of 'liberty' within the meaning of the Fourteenth Amendment." Kirby, 195 F.3d at 1290.

In Sandin v. Conner, 515 U.S. 472, 484-86, 115 S.Ct. 2293, 2300 (1995), the Supreme Court held that an inmate is entitled to the due process protection outlined in Wolff v. McDonnell only if he is deprived of a

---

[1] Wolff v. McDonnell held that before an inmate could lose good-time credits, the Due Process Clause requires prisoners be given advance written notice of a charged disciplinary violation, a written statement of factual findings, and the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals.

Case No. 4:16cv781-MW/CAS

"protected liberty interest." The forfeiture of gain time is a protected liberty interest, but the disciplinary hearing report shows that Plaintiff did not lose earned gain time as a result of the allegedly false disciplinary report. Indeed, had Plaintiff lost such gain time, these claims could not proceed as they would likely be barred under <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), and <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). That is so because a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. <u>Heck</u>, 114 S. Ct. at 2372. In <u>Edwards v. Balisok</u>, the Supreme Court extended the rule of <u>Heck</u>, making it explicitly applicable in the prison disciplinary setting. The Court held that a "conviction" includes a finding of guilty in a prison disciplinary proceeding that results in a loss of gain time, thus, affecting an inmate's period of incarceration. 117 S. Ct. at 1589. Thus, a claim for monetary damages resulting from defects in a prison disciplinary hearing which resulted in the loss of gain time credits is not cognizable under § 1983 until the disciplinary report is successfully overturned through habeas. Therefore, to the degree Plaintiff's amended complaint did correctly allege that he lost 10 days of freedom because gain

time was forfeited, notwithstanding that those facts are not evident from the hearing report, *see* ECF No. 6 at 6, the due process claims are foreclosed by Heck and Balisok.

It is more likely that Plaintiff is asserting a liberty interest because he was not awarded 10 days "of earned gain time" for the month of April 2016 in light of the disciplinary report. In Hartley v. Warden, 352 F. App'x 368 (11th Cir. 2009),[2] the Eleventh Circuit reviewed Florida law concerning incentive gain time and concluded that such an award is discretionary as prison officials are not required to grant a prisoner incentive gain time even in the absence of a disciplinary decision. 352 F. App'x at 371. Thus, because a Florida prisoner "cannot show that he [has] a legitimate expectation of gain-time," the Eleventh Circuit has concluded that "the loss of the eligibility to earn incentive gain time provided by Florida law is not a sufficient liberty interest to invoke the protections of the Due Process Clause." *Id.* Plaintiff's loss of incentive gain time is not sufficient to trigger the protections of the Due Process Clause. The amended complaint does not sufficiently allege a viable due process claim.

---

[2] Pursuant to 11th Cir. R. 36-2, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."

Plaintiff also raised this claim as an Eighth Amendment claim for cruel and unusual punishment for being put into confinement for 31 days. ECF No. 6 at 2-3.  The Eighth Amendment[3] governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison.  Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  Although the Amendment does not require comfortable prisons, it prohibits inhumane ones.  *Id.*  The Eighth Amendment guarantees that in confining prisoners, they will not be "deprive[d] ... of the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (quoted in Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)).  "[B]asic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety."  Harris v. Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991) (cited in Collins v. Homestead Corr.l Inst., 452 F.App'x 848, 850-851 (11th Cir. 2011)).  "[T]o make out a claim for an

---

[3] "In the prison context, three distinct Eighth Amendment claims are available to plaintiff inmates alleging cruel and unusual punishment, each of which requires a different showing to establish a constitutional violation." Thomas v. Bryant, 614 F.3d 1288, 1303-04 (11th Cir. 2010).  This case raises a claim concerning the conditions of confinement, but it does not raise an excessive force claim or a deliberate indifference to medical needs claim.

Case No. 4:16cv781-MW/CAS

unconstitutional condition of confinement, 'extreme deprivations' are required . . . ." <u>Thomas v. Bryant</u> 614 F.3d 1288, 1304, 1306-07 (11th Cir. 2010) (citing <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).  Plaintiff has not alleged anything more than placement in confinement for approximately 30 days.  The minimal loss of certain privileges during that time is not an "extreme" deprivation and this claim is also insufficient to state a viable claim.

Additionally, in <u>Sandin v. Conner</u>, the Supreme Court recognized that "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause."  515 U.S. 472, 483–84, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995).  These interests, however, are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 484, 115 S.Ct. at 2300 (internal citations omitted).  Plaintiff's amended complaint does not provide any facts from which it may be inferred that his 31 days in disciplinary confinement imposed an "atypical and significant hardship."  Because no facts have

been presented from which it could be found that Plaintiff's disciplinary confinement constituted an "atypical and significant" deprivation as required by Sandin, the amended complaint should be summarily dismissed for failing to state a claim.

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 26, 2017.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.